## Case No. 12,796.

### SHIRLEY v. TITUS.

[1 Sumn. 447.] [1]

Circuit Court. D. Massachusetts. Oct. Term, 1833.

APPEAL—TO CIRCUIT COURT—AMOUNT IN DISPUTE.

No appeal lies by any party from a decree of the district court, unless on his part the matter in dispute exceeds the sum or value of fifty dollars, under the acts of congress.

[Cited in brief in Lubker v. The A. H. Quimby. Case No. 8,586.]

[Appeal from the district court of the United States for the district of Massachusetts.]

·Libel in personam for seamen's wages. At the hearing in the district court, there was a decree for the libellant [James Titus] for twenty-eight dollars, and costs, the original demand being over fifty dollars. [Case unreported.] The respondent [Charles Shirley] appealed, but there was no cross appeal by the libellant.

B. Sumner, for appellant.
C. G. Loring, for appellee.

STORY, Circuit Justice. This court has no jurisdiction in the case. The acts of congress [2] give no appeal from the district court, except in cases where the matters in dispute. exclusive of costs, exceed the sum or value of fifty dollars. Here. there being no cross appeal by the libellant. the only matter in dispute is the twenty-eight dollars awarded by the district court to the libellant. It would have been different, if there had been a cross appeal by the libellant. since he demanded more than fifty dollars by his libel. Appeal dismissed.

---

## Case No. 12,797.

### SHIRLEY v. TRIPLETT et al.

[12 Pittsb. Leg. J. (O. S.) 337.]

Circuit Court, D. West Virginia. 1865.

WAR—LIABILITY OF CONFEDERATE RAIDERS.

For property taken by members of a raiding party connected with the Confederate army, without consent of the owners. each of the raiders are individually liable, whether present at the taking or not.

This action was brought in trespass to recover the value of twenty-five head of cattle carried away by the defendants on the 5th of May, 1863. Two of the defendants. Triplett and Yerkey, appeared by counsel and pleaded not guilty. The substance of the evi-

---

[1] [Reported by Charles Sumner. Esq.]
[2] Act Sept 24. 1789. c. 20. § 21 [1 Stat. 83]: Act March 3. 1803, c. 93, § 2 [2 Story's Laws, 905; 2 Stat. 244, c. 50].

dence was. that a rebel raid was made into the county about the first of May, 1863, one of the purposes of which said raid was, to take and carry away cattle from the county for the use of the raiding army; that all of the defendants, except the defendant Yerkey, belonged to or were in some way connected with the raiding party, and were along with them at the time they were in the county; that the said raiding party took twenty-five head of cattle belonging to the plaintiff, of the value of $25 per head, without his consent, and carried them away with them: but it was not proved that any of the defendants were actually personally present when the cattle were taken, or that they ever knew that they were taken.

After the evidence was closed. Mr. J. A. Ovington. for plaintiff. asked the court to instruct the jury as follows: "If the jury believe, from the evidence, that about the last of April, or the first of May, 1863, a body of men came into this county, without the consent of the owner or owners thereof, that the said body of men did take and carry away the cattle of the plaintiff, without his consent, and that the defendants, or any one or more of them, belonged to the said body of men at that time, or were in any way connected with them, then it is the duty of the jury in this case to find a verdict in favor of the plaintiff against the said defendants or such of them as belonged to the said body of men or were in any way connected with them for the value of the cattle so taken, with interest on such value from the time the cattle were taken, although the said defendants may not have been personally present at the time the cattle were taken."

Judge Edmonson. for defendants, asked the court to instruct the jury that if they found the cattle were taken by the so called Confederate army, or by the defendants as members of said army, then the said defendants are not liable to the plaintiff.

B. Maxwell and Ovington & Carr, for plaintiff.

S. B. Edmonson, for defendants.

THE COURT upon mature deliberation refused to give to the jury any of the instructions asked for by the counsel for the defendants. and gave to the jury the instructions asked for by the plaintiff's counsel, and the case being submitted to the jury on the evidence and instructions, they found a verdict for the plaintiff for the amount claimed against all of the defendants but Yerkey. The counsel for defendant Triplett then asked for a new trial. on the ground that the verdict of the jury was contrary to law and evidence, but the court overruled the motion, and entered judgment on the verdict.